1  GIBSON, DUNN & CRUTCHER LLP
   HEATHER L. RICHARDSON, SBN 246517
2    hrichardson@gibsondunn.com
   KATHERINE V.A. SMITH, SBN 247866
3    ksmith@gibsondunn.com
   LILY BU, SBN 292326
4    lbu@gibsondunn.com
   333 South Grand Avenue
5  Los Angeles, CA  90071-3197
   Telephone: 213.229.7000
6  Facsimile:  213.229.7520

7  Attorneys for Defendants PRIME NOW LLC,
   and AMAZON.COM, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| ELENA NACARINO, on behalf of herself and all other aggrieved employees, | CASE NO. 3:20-cv-02099 |
|---|---|
| Plaintiffs, | **DEFENDANTS PRIME NOW LLC AND AMAZON.COM, INC.'S NOTICE OF REMOVAL OF ACTION** |
| v. | [Removal from the Superior Court in and for the County of San Francisco, Case No. CGC-20-582407] |
| PRIME NOW, LLC, a Delaware Limited Liability Company; AMAZON.COM INC., a Delaware Corporation; and DOES 1 through 10, inclusive, | |
| Defendants. | Action Filed: January 23, 2020 |

Gibson, Dunn & Crutcher LLP

NOTICE OF REMOVAL OF ACTION BY DEFENDANTS PRIME NOW LLC AND AMAZON.COM, INC.

**TO THE CLERK OF THE ABOVE-TITLED COURT AND TO PLAINTIFF ELENA NACARINO AND HER COUNSEL OF RECORD**: PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 Defendants Prime Now LLC and Amazon.com, Inc., hereby remove to the United States District Court for the Northern District of California the above-captioned state court action, originally filed as Case No. CGC-20-582407 in the San Francisco County Superior Court, State of California. Removal is proper on the following grounds:

## TIMELINESS OF REMOVAL

1. On January 23, 2020, Plaintiff Elena Nacarino ("Plaintiff") filed a Representative Action Complaint for Civil Penalties Pursuant to the Private Attorneys General Act ("PAGA") in San Francisco County Superior Court against Defendants Prime Now LLC and Amazon.com, Inc. ("Defendants"). Pursuant to 28 U.S.C. § 1446(a), true and correct copies of the (a) Summons, (b) Complaint, (c) Civil Case Cover Sheet, (d) Notice to Plaintiff of Case Management Conference, (e) Plaintiff's Application for Complex Designation, (f) Declaration of Jeff Geraci In Support of Application for Complex Designation, (g) [Corrected] Declaration of Jeff Geraci In Support of Application for Complex Designation, (h) Order Granting Complex Designation and for Single Assignment, (i) Proof of Service of Summons, and (j) docket sheet are attached as Exhibits A–J to the Declaration of Heather Richardson ("Richardson Decl.") filed concurrently herewith. These filings constitute the complete record of all records and proceedings in the state court.

2. Plaintiff served the Summons and Complaint on Defendants via personal service on February 28, 2020. *See* Richardson Decl., ¶ 10, Ex. I (Proof of Service of Summons). This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) because it is filed within 30 days of service of the Summons and Complaint on Defendants.

## SUMMARY OF PLAINTIFF'S ALLEGATIONS AND FACTS GIVING RISE TO JURISDICTION AND REMOVAL

3. Removal is proper pursuant to 28 U.S.C. § 1441(a) because there is complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332.

Gibson, Dunn & Crutcher LLP

2
NOTICE OF REMOVAL OF ACTION BY DEFENDANTS PRIME NOW LLC AND AMAZON.COM, INC.

**A.     Plaintiff and Defendants Are Not Citizens of the Same State.**

4.     For diversity jurisdiction to exist, the parties must be "citizens of different states."  28 U.S.C. § 1332(a).

5.     Plaintiff alleges that she is a resident of California.  *See* Richardson Decl., Ex. B (Compl.) ¶ 7.  Plaintiff also alleges that "she has been employed by Defendants as a shopper in San Francisco, California" since September 2018.  *Id.*  For purposes of removal, Plaintiff is, therefore, a citizen of the State of California.  *Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986) (residency creates a rebuttable presumption of domicile supporting diversity of citizenship).

6.     Defendants Amazon.com, Inc. and Prime Now LLC are not citizens of California.

7.     For purposes of Section 1332, a corporation is deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.  *See* 28 U.S.C. § 1332(c)(1).  "The phrase 'principal place of business' in § 1332(c)(1) refers to the place where a corporation's high level officers direct, control, and coordinate the corporation's activities, i.e., its 'nerve center,' which will typically be found at its corporate headquarters."  *Hertz Corp. v. Friend*, 559 U.S. 77, 78 (2010).  Amazon.com, Inc. is incorporated in the State of Delaware, and has its principal place of business in Seattle, Washington.  Declaration of Zane Brown ("Brown Decl."), ¶ 4. Amazon.com, Inc. maintains its corporate headquarters in Seattle, Washington.  *Id.*  Key executives of Amazon.com, Inc. are based out of its Seattle, Washington Corporate headquarters.  *Id.*  Seattle, Washington is also the actual center of direction, control and coordination for its operations.  *Id.*  Thus, Amazon.com, Inc. is a citizen of the State of Delaware and the State of Washington.  *See* 28 U.S.C. § 1332(c)(1).

8.     In the case of a limited liability company, the court should consider the citizenship of each member or owner of the company.  *See, e.g., Johnson v. Columbia Props. Anchorage, L.P.*, 437 F.3d 894, 899 (9th Cir. 2006) ("like a partnership, an LLC is a citizen of every state in which its owners/members are citizens.").  Prime Now LLC's sole member and owner is PNF Enterprises, LLC, which is a wholly owned subsidiary of PNF Properties LLC.  Brown Decl., ¶ 3.  PNF Properties LLC, in turn, is a wholly owned subsidiary of PNF US LLC, which is a wholly owned subsidiary of Amazon.com Services, Inc., which is a wholly owned subsidiary of Amazon.com, Inc.

Gibson, Dunn & Crutcher LLP

3

NOTICE OF REMOVAL OF ACTION BY DEFENDANTS PRIME NOW LLC AND AMAZON.COM, INC.

*Id.* None of the aforementioned entities are incorporated under the laws of the State of California, nor do any of them have a principal place of business in California. *Id.* As set forth above, Amazon.com, Inc. is a citizen of the State of Delaware and the State of Washington. *Id.* ¶ 4. Amazon.com Services, Inc. is a corporation incorporated in the State of Delaware and its principal place of business is in Seattle, Washington. *Id.* ¶ 5. Amazon.com Services, Inc. maintains its corporate headquarters in Seattle, Washington. *Id.* Key executives of Amazon.com Services, Inc. are based out of its Seattle, Washington Corporate headquarters. *Id.* Seattle, Washington is also the actual center of direction, control and coordination for its operations. *Id.* Thus, Prime Now LLC is a citizen of the State of Delaware and the State of Washington.

9. Based on the foregoing, diversity is established between Plaintiff and Defendants because Plaintiff and Defendants are citizens of different states.

**B.     The Amount in Controversy Exceeds $75,000**

10. Defendants need only show by a preponderance of the evidence (that it is more probable than not) that Plaintiff's claimed damages exceed the jurisdictional minimum. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996). Further, the United States Supreme Court has held that under 28 U.S.C. § 1446(a), a defendant seeking to remove a case to federal court need only file "a notice of removal 'containing a short and plain statement of the grounds for removal.'" *Dart Cherokee Basin Operating Co. LLC v. Owens*, 135 S. Ct. 547, 553 (2014). The Court held that this language tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure, and that "[a] statement 'short and plain' need not contain evidentiary submissions." *Id*. at 551, 553. Defendant need to only plausibly allege that the amount in controversy exceeds $75,000. *Id*. at 553 ("the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court"). Here, the Court can reasonably ascertain from the Complaint and its Prayer for Relief that the amount in controversy exceeds $75,000. *See Singer v. State Farm Mut. Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) ("The district court may consider whether it is facially apparent from the complaint that the jurisdictional amount is in controversy.") (internal citations and quotations omitted).

Gibson, Dunn & Crutcher LLP

4
NOTICE OF REMOVAL OF ACTION BY DEFENDANTS PRIME NOW LLC AND AMAZON.COM, INC.

11. In her Complaint, Plaintiff alleges six causes of action: (1) PAGA penalties for failure to pay minimum, regular, and overtime wages; (2) PAGA penalties for failure to provide meal periods; (3) PAGA penalties for failure to provide rest periods; (4) PAGA penalties for failure to provide accurate itemized wage statements; (5) PAGA penalties for failure to provide final wages; and (6) PAGA penalties for failure to reimburse business expenses. *See* Richardson Decl., Ex. B (Compl.). Plaintiff "seeks to represent all current and former non-exempt employees of Defendants who suffered one or more of the alleged violations ('aggrieved employees') during the time period one year and 65 days before commencement of this action until the commencement of trial in the matter ('the PAGA Period')." *Id.* ¶ 3.

12. Plaintiff's Complaint does not specify the amount that she seeks to recover from Defendants in this action. Plaintiff's Complaint seeks civil penalties, reasonable attorney's fees and costs, and other relief the Court deems just and proper. *See* Richardson Decl., Ex. B (Compl.).

13. In assessing whether the amount in controversy requirement has been satisfied, "a court must 'assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint.'" *Campbell v. Vitran Exp., Inc.*, 471 F. App'x 646, 648 (9th Cir. 2012) (quoting *Kenneth Rothschild Tr. v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002)). In other words, the focus of the Court's inquiry must be on "what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will actually owe." *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008) (citing *Rippee v. Boston Mkt. Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005)).

14. Defendants deny any liability in this case and expressly reserve all rights to contest the merits of all claims asserted in the Complaint. However, Defendants submit that the allegations in Plaintiff's Complaint put more than $75,000 in controversy for purposes of the jurisdictional requirements *for removal only*. *See* 28 U.S.C. § 1332(a). Actions seeking recovery of civil penalties under PAGA are properly removed when these requirements are met. *See Olson v. Michaels Stores*, Inc., 2017 WL 3317811, at *3 (C.D. Cal. Aug. 2, 2017) ("[D]istrict courts in California routinely exercise jurisdiction over PAGA claims when complete diversity exists between the PAGA plaintiff

Gibson, Dunn & Crutcher LLP

5
NOTICE OF REMOVAL OF ACTION BY DEFENDANTS PRIME NOW LLC AND AMAZON.COM, INC.

and the defendant."); *Gunther v. Int'l Bus. Mach. Corp.*, 2016 WL 3769335, at *3 (C.D. Cal. July 14, 2016) (exercising diversity jurisdiction in a PAGA action).

15. <u>Time Period</u>.  Plaintiff provided Notice of Labor Code Violations Pursuant to Labor Section 2699.3 to the California Labor and Workforce Development Agency ("LWDA") on October 2, 2019.[1]  *See* Richardson Decl., Ex. B (Compl.) Ex. 1.  One year from this date is October 2, 2018.  Plaintiff's last day of work with Defendants was December 10, 2019.  *See* Brown Decl., ¶ 2.  During the period from October 2, 2018 to December 10, 2019, Plaintiff was paid bi-weekly.  *Id.*  As such, the number of pay periods from October 2, 2018 to December 10, 2019 was 31.  *Id.*

16. <u>Plaintiff's First Cause of Action</u>.  Plaintiff's first cause of action for PAGA penalties for failure to pay minimum, regular, and overtime wages alleges violations of Labor Code §§ 510, 1194 and Wage Order 4-2001 and seeks the following:  (1) recovery of civil penalties under Labor Code § 2699, which provides for a civil penalty of $100 per pay period for the initial violation and $200 for each subsequent violation; (2) recovery of civil penalties under Labor Code § 558, which provides for a civil penalty of $50 per pay period for the initial violation and $100 per pay period for each subsequent violation; and (3) recovery of civil penalties under Labor Code § 1197.1, which provides for a civil penalty of $100 per pay period for the initial violation and $250 per pay period for each subsequent violation.[2]  *See* Richardson Decl., Ex. B (Compl.) ¶¶ 28, 30-33, Prayer for Relief

---

[1] Although Plaintiff alleges that the "PAGA Period" is "the time period one year and 65 days before commencement of this action until the commencement of trial in the matter," Richardson Decl., Ex. B (Compl.) ¶ 3, she does not provide a start date for when she intends to seek penalties.  For purposes of removal, therefore, Defendants use the time period starting one-year from Plaintiff's notice to the LWDA.  *See Taylor v. Interstate Grp., LLC*, 2016 WL 861020, at *3 (N.D. Cal. Mar. 7, 2016) ("The one-year limitations period for PAGA civil penalties begins to toll upon filing notice to the LWDA for a PAGA investigation.").  Defendants, however, do not concede that Plaintiff is able to recover penalties going back one year from Plaintiff's notice to the LWDA, and expressly reserve all rights to contest this time period.

[2] Section 558 provides for a "civil penalty as follows: (1) For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages. (2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages." Cal. Lab. Code § 558(a).  Defendants do not include wages in its calculations as the California Supreme Court has held that the "unpaid wages" are not part of the civil penalty that can be recovered under PAGA.  *ZB, N.A. v. Superior Court*, 8 Cal. 5th 175, 195 (2019).  Section 1197.1 provides "a civil penalty" for $100 "for each underpaid employee for each pay period" for any

*(Cont'd on next page)*

¶¶ B, C.  Based on Plaintiff's allegations, the amount in controversy with respect to Plaintiff's First Cause of Action is **$16,750**, calculated as follows[3]:

| | |
|---|---|
| Penalty under § 2699 for alleged failure to pay minimum, regular and overtime wages, including split shift wages (Richardson Decl., Ex. B (Compl.) ¶¶ 30, 32, Prayer for Relief ¶ B)<br><br>$100 (initial violation) + $200 x 30 pay periods (subsequent violations) | $6,100 |
| Penalty under § 558 for alleged failure to pay overtime wages for all hours worked (*Id.* ¶ 32, Prayer for Relief ¶ C)<br><br>$50 (initial violation) + $100 x 30 pay periods (subsequent violations) | $3,050 |
| Penalty under § 1197.1 for alleged failure to pay overtime wages for all hours worked (*Id.*, Prayer for Relief ¶ C)<br><br>$100 (initial violation) + $250 x 30 pay periods (subsequent violations) | $7,600 |
| **Amount in controversy for First Cause of Action, based on Plaintiff's allegations:** | **$16,750** |

17.  <u>Plaintiff's Second Cause of Action</u>.  Plaintiff's second cause of action for PAGA penalties for failure to provide meal periods alleges violations of Labor Code §§ 226.7 and 512 and Wage Order 4-2001 and seeks the following:  (1) recovery of civil penalties under Labor Code § 2699, for alleged failure to provide meal periods and (2) recovery of civil penalties under Labor Code § 2699, for alleged failure to pay meal period premiums.  *See* Richardson Decl., Ex. B (Compl.)

---

*(Cont'd from previous page)*

initial violation and $250 "for each underpaid employee for each pay period" for "each subsequent violation for the same specific offense."  Cal. Lab. Code § 1197.1(a).  Section 2699 provides for a "civil penalty" of "one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation."  Cal. Lab. Code § 2699(f).

[3]  As discussed below (*infra* ¶ 22 & n. 5), Defendants dispute that Plaintiff may "stack" penalties and also dispute that Plaintiff may seek penalties based on a "subsequent violation," and reserve all rights to raise these disputes.  However, for purposes of removal, the amount in controversy includes all penalties sought in a Complaint.

Gibson, Dunn & Crutcher LLP

7
NOTICE OF REMOVAL OF ACTION BY DEFENDANTS PRIME NOW LLC AND AMAZON.COM, INC.

¶¶ 35-37, Prayer for Relief ¶¶ D, E.[4]  Section 2699 provides for a "civil penalty" of "one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation."  Cal. Lab. Code § 2699(f).  Based on Plaintiff's allegations, the amount in controversy with respect to Plaintiff's Second Cause of Action is **$12,200**, calculated as follows:

| | |
|---|---|
| Penalty under § 2699 for alleged failure to provide compliant meal periods (Richardson Decl., Ex. B (Compl.) ¶¶ 35, 37, Prayer for Relief ¶ D)<br><br>$100 (initial violation) + $200 x 30 pay periods (subsequent violations) | $6,100 |
| Penalty under § 2699 for alleged failure to pay meal period premiums (*Id.* ¶¶ 36, 37, Prayer for Relief ¶ E)<br><br>$100 (initial violation) + $200 x 30 pay periods (subsequent violations) | $6,100 |
| **Amount in controversy for Second Cause of Action, based on Plaintiff's allegations:** | **$12,200** |

18.  <u>Plaintiff's Third Cause of Action</u>.  Plaintiff's third cause of action for PAGA penalties for failure to provide rest periods alleges violations of Labor Code § 226.7 and Wage Order 4-2001 and seeks the following:  (1) recovery of civil penalties under Labor Code § 2699, for alleged failure to provide rest periods and (2) recovery of civil penalties under Labor Code § 2699, for alleged failure to pay rest period premiums.  *See* Richardson Decl., Ex. B (Compl.) ¶¶ 39-41, Prayer for Relief ¶¶ F, G.  Section 2699 provides for a "civil penalty" of "one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation."  Cal. Lab. Code § 2699(f).  Based on Plaintiff's allegations, the amount in controversy with respect to Plaintiff's Third Cause of Action is **$12,200**, calculated as follows:

---

[4]  Plaintiff's Prayer for Relief ¶ E refers to "rest period premiums," but appears to mean "meal period premiums" as "rest period premiums" are listed twice in the Prayer for Relief.  *See* Richardson Decl., Ex. B (Compl.), Prayer for Relief ¶¶ E, G.

| | |
|---|---:|
| Penalty under § 2699 for alleged failure to authorize and permit compliant rest periods  (Richardson Decl., Ex. B (Compl.) ¶¶ 39, 41, Prayer for Relief ¶ F)<br><br>$100 (initial violation) + $200 x 30 pay periods (subsequent violations) | $6,100 |
| Penalty under § 2699 for alleged failure to pay rest period premiums (*Id.* ¶¶ 40, 41, Prayer for Relief ¶ G)<br><br>$100 (initial violation) + $200 x 30 pay periods (subsequent violations) | $6,100 |
| **Amount in controversy for Third Cause of Action, based on Plaintiff's allegations:** | **$12,200** |

19. <u>Plaintiff's Fourth Cause of Action</u>.  Plaintiff's fourth cause of action for PAGA penalties for failure to provide accurate itemized wage statements alleges violations of Labor Code § 226 and seeks the recovery of civil penalties under Labor Code § 226.3.  *See* Richardson Decl., Ex. B (Compl.) ¶¶ 43, 44, 46, Prayer for Relief ¶ H.   Section 226.3 provides for "a civil penalty in the amount of two hundred fifty dollars ($250) per employee per violation in an initial citation and one thousand dollars ($1,000) per employee for each violation in a subsequent citation."  Cal. Lab. Code § 226.3.  Based on Plaintiff's allegations, the amount in controversy with respect to Plaintiff's Fourth Cause of Action is **$30,250**, calculated as follows:

| | |
|---|---:|
| Penalty under § 226.3 for alleged failure to provide accurate itemized wage statement, failure to provide wage statements and failure to provide the information called for in Sections 226(a)(1), (2), (5), and (9) (Richardson Decl., Ex. B (Compl.) ¶¶ 43, 44, 46, Prayer for Relief ¶ H)<br><br>$250 (initial violation) + $1,000 x 30 pay periods (subsequent violations) | $30,250 |
| **Amount in controversy for Second Cause of Action, based on Plaintiff's allegations:** | **$30,250** |

20. <u>Plaintiff's Fifth Cause of Action</u>.  Plaintiff's fifth cause of action for PAGA penalties for failure to provide final wages alleges violations of Labor Code §§ 201-203 and seeks the following:  (1) recovery of civil penalties under Labor Code § 2699, for alleged failure to pay final wages and (2) recovery of civil penalties under Labor Code § 2699, for alleged failure to pay waiting

time penalties. *See* Richardson Decl., Ex. B (Compl.) ¶¶ 49, 50, Prayer for Relief ¶¶ I, J. Section 2699 provides for a "civil penalty" of "one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation." Cal. Lab. Code § 2699(f). Based on Plaintiff's allegations, the amount in controversy with respect to Plaintiff's Second Cause of Action is **$200**, calculated as follows:

| | |
|---|---:|
| Penalty under § 2699 for alleged failure to pay final wages (Richardson Decl., Ex. B (Compl.) ¶¶ 49, 50, Prayer for Relief ¶ I, J) $100 (initial violation) | $100 |
| Penalty under § 2699 for alleged failure to pay waiting time penalties (Richardson Decl., Ex. B (Compl.) ¶ 50, Prayer for Relief ¶ I, J) $100 (initial violation) | $100 |
| **Amount in controversy for Fifth Cause of Action, based on Plaintiff's allegations:** | **$200** |

21. <u>Plaintiff's Sixth Cause of Action</u>. Plaintiff's sixth cause of action for PAGA penalties for failure to reimburse business expenses alleges violations of Labor Code §§ 2802, 2804 and seeks the following: (1) recovery of civil penalties under Labor Code § 2699 for alleged failure to reimburse necessary expenditures pursuant to Section 2802 and (2) recovery of civil penalties under Labor Code § 2699 for alleged violation of Section 2804. *See* Richardson Decl., Ex. B (Compl.) ¶¶ 51, 53, Prayer for Relief ¶¶ K, L. Section 2699 provides for a "civil penalty" of "one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation." Cal. Lab. Code § 2699(f). Based on Plaintiff's allegations, the amount in controversy with respect to Plaintiff's Sixth Cause of Action is **$12,200**, calculated as follows:

| | |
|---|---:|
| Penalty under § 2699 for alleged failure to reimburse necessary expenditures (Richardson Decl., Ex. B (Compl.) ¶¶ 51, 53, Prayer for Relief ¶ K) $100 (initial violation) + $200 x 30 pay periods (subsequent violations) | $6,100 |
| Penalty under § 2699 for alleged violation of Section 2804 | |

| | |
|---|---:|
| (Richardson Decl., Ex. B (Compl.), Prayer for Relief ¶ L)<br>$100 (initial violation) + $200 x 30 pay periods (subsequent violations) | $6,100 |
| **Amount in controversy for Sixth Cause of Action, based on Plaintiff's allegations:** | **$12,200** |

22.  <u>Total Penalties Placed In Controversy</u>.  As set forth above, based upon the allegations in the Complaint, the total penalties placed in controversy for Plaintiff's six causes of action equates to **$83,800**.  This amount is comprised of the penalties placed in controversy for the alleged Labor Code violations as to Plaintiff alone.  *See Patel v. Nike Retail Sers., Inc.*, 58 F. Supp. 3d 1032, 1048 (N.D. Cal. 2014) (emphasis added) ("[T]he entire amount of PAGA penalties attributable to [a plaintiff's] claims count towards the amount in controversy").  While Defendants dispute that Plaintiff may "stack" penalties and also dispute that Plaintiff may seek penalties based on a "subsequent violation," courts have held that for purposes of removal, all of the penalties sought in a Complaint are included in the amount-in-controversy.[5]  For example, in *Schiller v. David's Bridal, Inc.*, 2010 WL 2793650, at *6-7 (E.D. Cal. July 14, 2010), the court calculated penalties for "subsequent violations" and concluded that "Defendant may aggregate all alleged PAGA penalties as to each cause of action for the purposes of tabulating the amount in controversy."  The court reasoned that plaintiff "cannot use PAGA civil penalties as both a sword and a shield by requesting in her [complaint] that PAGA penalties be awarded for each of seven (7) causes of action, and then arguing [against stacking]. . .for purposes of calculating the amount in controversy."  *Id.* at *6; *see also, e.g.*, *Salazar v. PODS Enters., LLC*, 2019 WL 2023726 at *6 (C.D. Cal. May 8, 2019) (allowing stacking as "other district courts have allowed the amount in controversy to be calculated by aggregating all potential PAGA penalties alleged as to each claim" and noting that "Plaintiff cites no authority establishing that PAGA penalties could not be awarded for every cause of action under which they

---

[5]  As set forth above, the Complaint seeks penalties for multiple different violations and alleges that Plaintiff will seek penalties for the alleged "initial violation" *and* "each subsequent violation." *See, e.g.*, Richardson Decl., Ex. B (Compl.) ¶¶ 32, 33, 37, 41, 46, 50, 53, Prayer for Relief. Defendants expressly preserve their arguments that Plaintiff may *not* stack penalties and is *not* entitled to penalties based on any "subsequent violation," and expressly reserve all rights to contest the merits of Plaintiff's claims.

11
NOTICE OF REMOVAL OF ACTION BY DEFENDANTS PRIME NOW LLC AND AMAZON.COM, INC.

Gibson, Dunn & Crutcher LLP

are alleged, so it is possible (although highly unlikely) that he could recover PAGA penalties for each separate type of Labor Code violation"); *Smith v. Brinker Int'l, Inc.*, 2010 WL 1838726, at *2–6 (N.D. Cal. May 5, 2010) (stacking PAGA penalties when calculating amount in controversy).

23. <u>Attorneys' Fees</u>.  Plaintiff's Complaint also seeks reasonable attorneys' fees and costs. *See* Richardson Decl., Ex. B (Compl.) Prayer for Relief ¶ N.  When determining jurisdiction under 28 U.S.C. § 1332, "[t]he amount of controversy includes . . . attorney's fees, if authorized by statute or contract." *Kroske v. U.S. Bank. Corp.*, 432 F.3d 976, 980 (9th Cir. 2005).  Under California law, "[a]ny employee who prevails in any [PAGA] action shall be entitled to an award of reasonable attorney's fees and costs." *See* Cal. Lab. Code § 2699(g).  "District courts within the Ninth Circuit handling PAGA cases have held that "removing defendants can reasonably assume plaintiffs are entitled to attorney[s'] fees valued at approximately 25% of projected damages." *Olson v. Michaels Stores, Inc.*, 2017 WL 3317811, at *3 (C.D. Cal. Aug. 2, 2017).  25% of the civil penalties placed at issue ($83,800) would place attorneys' fees in the amount of **$20,950** in controversy.

24. Thus, the total amount in controversy based on Plaintiff's allegations is **$104,750**, calculated as follows:

| | |
|---|---:|
| Amount in controversy for First Cause of Action, based on Plaintiff's allegations | $16,750 |
| Amount in controversy for Second Cause of Action, based on Plaintiff's allegations | $12,200 |
| Amount in controversy for Third Cause of Action, based on Plaintiff's allegations | $12,200 |
| Amount in controversy for Fourth Cause of Action, based on Plaintiff's allegations | $30,250 |
| Amount in controversy for Fifth Cause of Action, based on Plaintiff's allegations | $200 |
| Amount in controversy for Sixth Cause of Action, based on Plaintiff's allegations | $12,200 |
| Attorney's Fees, based on 25% of the civil penalties placed at issue by Plaintiff's allegations | $20,950 |
| **Total Amount in controversy, based on Plaintiff's allegations** | **$104,750** |

Gibson, Dunn & Crutcher LLP

12
NOTICE OF REMOVAL OF ACTION BY DEFENDANTS PRIME NOW LLC AND AMAZON.COM, INC.

25. Defendants reserve the right to present evidence establishing the amount placed in controversy by Plaintiff's claims should Plaintiff challenge whether the jurisdictional amount-in-controversy threshold is satisfied. *See Dart Cherokee*, 135 S. Ct. at 554 ("Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation [that the amount in controversy exceeds the jurisdictional threshold]."); *see also Bezabeh v. Envirobusiness, Inc.*, 2017 WL 4271210, at *3 (C.D. Cal. Sept. 25, 2017) (applying *Dart Cherokee Basin* to a non-CAFA diversity removal claim); *Gunther*, 2016 WL 3769335, at *3 ("[A] defendant can establish the amount in controversy" of over $75,000 "by an unchallenged, plausible assertion of the amount in controversy in its notice of removal.") (quoting *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197–98 (9th Cir. 2015)).

**C.     Intradistrict Assignment**

26. This action is properly removed to the Court's San Francisco or Oakland Division because Plaintiff originally filed his Complaint in the Superior Court for the County of San Francisco. *See* N.D. Cal. Civ. L.R. 3-2(c), 3-5(b).

**THIS COURT HAS JURISDICTION AND REMOVAL IS PROPER**

27. Based on the foregoing facts and allegations, this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because:

    a. This is a civil action within the meaning of § 1332(a);

    b. The properly named parties are citizens of different states as required by § 1332(a)(1); and

    c. The amount in controversy exceeds $75,000 as required by § 1332(a).

Accordingly, this action is properly removable under 28 U.S.C. § 1441.

28. The United States District Court for the Northern District of California is the federal judicial district embracing the San Francisco County Superior Court. This action was originally filed in the San Francisco County Superior Court, rendering venue in this federal judicial district proper. *See* 28 U.S.C. § 84(a); 28 U.S.C. § 1441(a). Under Local Rule 3-2(d), the case may be assigned to either the San Francisco Division or the Oakland Division.

Gibson, Dunn & Crutcher LLP

13
NOTICE OF REMOVAL OF ACTION BY DEFENDANTS PRIME NOW LLC AND AMAZON.COM, INC.

29. In accordance with 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings and orders served upon Defendant are attached as Exhibits A–J to the Declaration of Heather Richardson filed concurrently herewith.

30. Upon filing the Notice of Removal, Defendants will furnish written notice to Plaintiff's counsel and will file and serve a copy of this Notice with the Clerk of the San Francisco County Superior Court, pursuant to 28 U.S.C. § 1446(d).

WHEREFORE, Defendants hereby remove to the Court the above action pending against them in the Superior Court of California, San Francisco County.

DATED: March 26, 2020

GIBSON, DUNN & CRUTCHER LLP

By: */s/ Heather Richardson*
Heather Richardson

Attorneys for Defendants Prime Now LLC, and Amazon.com, Inc.

Gibson, Dunn & Crutcher LLP

14
NOTICE OF REMOVAL OF ACTION BY DEFENDANTS PRIME NOW LLC AND AMAZON.COM, INC.