**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **ELENA NACARINO,** | Case No.: 20--CV-2099 YGR |
| Plaintiff, | **ORDER GRANTING MOTION TO REMAND** |
| v. | **DKT. NO. 16** |
| **PRIME NOW, LLC, AMAZON.COM,** *et al.*, | |
| Defendants. | |

Defendants Prime Now, LLC and Amazon.com, Inc. removed the instant action for Labor Code penalties under the California Private Attorneys General Act ("PAGA"), Cal. Labor Code § 2699, from the Superior Court for the State of California, County of San Francisco. Plaintiff Elena Nacarino alleges that she worked as a shopper for defendants filling grocery orders for home delivery, and that defendants failed to: (1) pay minimum, regular, and overtime wages; (2) provide meal and rest periods; (3) provide accurate itemized wage statements; (4) timely pay all wages due upon termination; and (5) reimburse business expenses. California Labor Code §§ 510, 1194, 226.7, 512, 226, 201-203, 2802, 2804 and Wage Order 4-2001.

Plaintiff now moves to remand on the grounds that the Court lacks removal jurisdiction based upon diversity of citizenship because defendants failed to establish the amount in controversy satisfies the jurisdictional threshold of $75,000. Having carefully considered the papers submitted and the pleadings in this action, the Court **GRANTS** the Motion to Remand.[1]

A district court must remand a case if it appears before final judgment that the court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). There is typically a strong presumption against finding removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The burden of establishing federal jurisdiction for purposes of removal is on the party seeking removal. *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004). The party seeking removal "has

---

[1] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court **VACATES** the hearing set for **May 12, 2020**.

the burden to prove, by a preponderance of the evidence, that removal is proper." *Geographic Expeditions, Inc. v. Estate of Lhotka*, 599 F.3d 1102, 1007 (9th Cir. 2010).  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566.

Here, defendants' calculation of the amount in controversy improperly included the higher, subsequent violation rate for the time period prior to plaintiff's notice to the California Labor Workforce Development Agency (LWDA). *Van Steenhuyse v. UBS Fin. Servs.*, 317 F.Supp.3d 1062, 1067-68 (N.D. Cal. 2018); *see also Taylor v. Interstate Grp., LLC*, No. 15-CV-05462-YGR, 2016 WL 861020, at *2 (N.D. Cal. Mar. 7, 2016) (using "initial violation" rate for "1st pay period" and "subsequent violation" rate for "subsequent pay periods").

Defendants further overstated the amount in controversy by including 100% of the potential penalties under PAGA, whereas the statute limits plaintiff to 25% of those penalties, requiring 75% be distributed to the LWDA.  *Van Steenhuyse*, 317 F.Supp.3d at 1069 (*citing Urbino v. Orkin Servs. of Cal.*, 726 F.3d 118, 122-23 (9th Cir. 2013)); *see also Amaral v. Cintas Corp. No. 2*, 163 Cal. App. 4th 1157, 1209 (2008) (until employer has been notified of violation of Labor Code provision, it cannot be presumed to be aware continuing underpayment of employees is a "violation" subject to penalties).  Defendants' notice of removal estimated $83,800 in penalties.  Even assuming that total was correct, 25% of those penalties would amount to $20,950.

While attorneys' fees would be added to that total amount in controversy, an award of reasonable attorneys' fees here would not bring the calculation across the jurisdictional threshold.

Therefore, plaintiff's Motion to Remand is **GRANTED**.  The Clerk is directed to **REMAND** this action to the Superior Court of California, County of San Francisco, and close the file.

Because this matter is remanded, the Court does not reach the issues raised in defendants' pending motion to dismiss.  (Dkt. No. 15.)

This terminates Docket No. 16.

**IT IS SO ORDERED**.

Date : May 8, 2020

                                           **YVONNE GONZALEZ ROGERS**
                                           **UNITED STATES DISTRICT COURT JUDGE**